IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
JUL 3 0 2003
Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GARY GRAHAM | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-03-084 |
| VS. | § | |
| | § | (JURY REQUESTED) |
| | § | |
| TOWN OF SOUTH PADRE ISLAND | § | |
| and HARVEST MULTIMEDIA, INC. | § | |
| Defendant. | § | |

**CROSS-DEFENDANT TOWN OF SOUTH PADRE ISLAND'S RULE 12(b)(6) MOTION TO DISMISS CROSS CLAIM OF HARVEST MULTIMEDIA, INC.**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES CROSS-DEFENDANT TOWN OF SOUTH PADRE ISLAND in the above styled and numbered matter, and files this its Rule 12(b)(6) Motion to Dismiss Cross Claim of Harvest Multimedia, Inc. and in support thereof shows the following:

## I.
## STATEMENT OF THE CASE

Plaintiff Gary Graham has sued the Town of South Padre Island and Harvest Multimedia Inc. for alleged copyright infringement under title 17 of the United States Code. Mr. Graham claims that in September of 2002 he heard an illegally reproduced CD of his alleged copyrighted song called "South Padre Island" being played by representatives of the Town of South Padre Island without his permission. He further alleges that the Town of South Padre Island did not cease using the song after being told by him to do so. He sues for an intentional infringement of his copyright rights under title

17 of the United States Code.

Cross-Plaintiff Harvest Multimedia, Inc. brings a cross-claim against Cross-Defendant Town of South Padre Island asserting a cause of action of negligence. Specifically, Cross-Plaintiff alleges that Cross-Defendant "negligently represented to defendant Harvest Multimedia, Inc. that they had ownership rights over the alleged copy written song of plaintiff Gary Graham." Harvest Multimedia, Inc. produced the CD containing the song at issue.

## II.
## MOTION TO DISMISS UNDER RULE 12(b)(6)

### A.   Standard for Dismissal under Rule 12(b)(6)

Cross-Plaintiff has failed to state a claim for which relief can be granted. Accordingly, its cross-claim is ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Under this standard, a court may dismiss a complaint if the plaintiff cannot possibly prevail on his claims. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1973). Although the Rule 12(b)(6) standard is stringent, "the mere fact that a standard is stringent does not suggest that it can never be met." *Mahone v. Addicks Utility Dist. of Harris County*, 836 F.2d 921, 927 (5th Cir. 1988).

### B.   Cross-Plaintiff failed to allege a claim under the Texas Tort Claims Act

Cross-Plaintiff has brought its cross-claim against the Town of South Padre Island alleging that the town "negligently represented to defendant Harvest Multimedia, Inc. that they had

2

ownership rights over the alleged copy written song of plaintiff Gary Graham." As such, cross-plaintiff has failed to properly allege a cause of action falling within the strict requirement of the Texas Tort Claims Act. "A party suing a governmental entity must allege consent to suit either by reference to statute or express legislative permission. Unless there is a pleading of consent, the trial court has no jurisdiction to hear the case." <u>Texas Parks and Wildlife v. Garrett Place</u>, 972 S.W. 2d 140, 143 (Tex.App.-Dallas 1998, no pet.); See also Tex.Civ.Prac. & Remd. Code §101.025. Cross-Plaintiff did not articulate or state how its allegations of negligence would trigger a waiver of the Town of South Padre Island's sovereign immunity in conformity with the Texas Tort Claims Act. Instead, cross-plaintiff's allegations are completely and wholly outside the limited waiver of the Texas Tort Claims Act. Accordingly, Cross-Defendant is immune from Cross-Plaintiff's suit as alleged, and Cross-Plaintiff's claims against the Town of South Padre Island should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Cross-Defendant, Town of South Padre Island prays that upon final trial and hearing, its Rule 12(b)(6) Motion to Dismiss be granted; that Cross-Plaintiff take nothing by its suit, and that Cross-Defendant have such other and further relief at law or in equity, which it may show itself to be justly entitled to.

Signed on July 30, 2003.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: *Charles Willette, Jr. w/pEG*
Charles Willette, Jr.
USDC No. 1937
State Bar No. 21509700

Eduardo Garza
State Bar No. 00796609
USDC Adm. No. 3399

**ATTORNEYS FOR DEFENDANT THE TOWN OF SOUTH PADRE ISLAND**

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2003, a true and correct copy of the above and foregoing has been served on all counsel of record via certified mail as noted below:

*Via CMRRR 7003 0500 0001 0981 2048*
Donald T. Cheatman
ATTORNEY AT LAW
825 West 11th Street
Austin, Texas 78701

*Via CMRRR 7003 0500 0001 0981 2055*
Eduardo V. Rodriguez
1265 N. Expressway 83
Brownsville, Texas 78521

*Eduardo G Garza*
Eduardo G Garza