IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 8 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| GARY GRAHAM | § |
|     Plaintiff, | § |
| | §    CIVIL ACTION NO. B-03-084 |
| VS. | § |
| | §    (JURY REQUESTED) |
| | § |
| TOWN OF SOUTH PADRE ISLAND | § |
| and HARVEST MULTIMEDIA, INC. | § |
|     Defendant. | § |

---

**JOINT REPORT ON MEETING REQUIRED BY RULE 26(F)
AND JOINT DISCOVERY/CASE MANAGEMENT PLAN**

---

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   Donald T. Cheatman, attorney for Plaintiff
   Eduardo V. Rodriguez, attorney for Defendant Harvest Multimedia, Inc.
   Eduardo G. Garza, attorney for Defendant Town of South Padre Island

   By telephone on August 19, 2003.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   None.

3. Specify the allegation of federal jurisdiction.

   Jurisdiction and venue are proper in this Court pursuant to federal question jurisdiction given plaintiff's claims under Chapter 17 of the U.S.C.

1

4. Name the parties who disagree and the reasons.

   None at this time.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   None.

6. List anticipated interventions.

   None.

7. Describe class-action issues.

   None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Plaintiff and Defendants have agreed to make their initial disclosures required by Rule 26(a) by the initial pretrial conference.

9. Describe the proposed agreed discovery plan, including:

   (a) Responses to all the matters raised in Rule 26(f).

   None at this time.

   (b) When and to whom the Plaintiff anticipates he may send formal written discovery.

   Plaintiff anticipates sending interrogatories, requests for production, and requests for admissions to Defendants no later than thirty (30) days following the initial scheduling conference. **(October 15, 2003).**

   (c) When and to whom the Defendants anticipate they may send formal written discovery.

   Defendants anticipate sending interrogatories, requests for production, and requests for admission no later than thirty (30) days following the initial scheduling conference. **(October 15, 2003).**

(d) Of whom and by when the Plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking the oral depositions of Defendants and their witnesses no later than one-hundred-twenty (90) days following the initial scheduling conference. Plaintiff anticipates taking the oral depositions by that time of any other witnesses Defendants may designate. **(December 15, 2003).**

(e) Of whom and by when the Defendants anticipate taking oral depositions.

Defendants anticipates taking the oral depositions of Plaintiff, Gary Graham no later than one-hundred-twenty (90) days after the initial scheduling conference. Defendants anticipate taking the oral depositions by that time of any other witnesses Plaintiff may designate. **(December 15, 2003).**

(f) When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff anticipates designating experts with reports within (120) days following the initial scheduling conference. **(January 13, 2004).**

Defendant anticipates designating responsive experts and with reports within 30 days of the depositions of Plaintiff's Expert.

(g) List expert depositions the Plaintiff anticipates taking and his anticipated completion date:

Plaintiff anticipates taking all expert depositions within (150) days after the initial scheduling conference. **(February 12, 2004).**

(h) List expert depositions the Defendants anticipate taking and their anticipated completion date.

Defendants anticipate taking all expert depositions within (150) days after the initial scheduling conference. **(February 12, 2004).**

10. If the parties are not agreed on a part of discovery plan, describe the separate views and proposals of each party.

None.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

   None.

12. State the date the planned discovery can reasonably be completed.

   We anticipate that planned discovery can reasonably be completed within (150) days following the initial scheduling conference. **(February 12, 2004).**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.

   The parties need to conduct further discovery to better evaluate this case for settlement. However, the parties may be willing to mediate this case at a later date.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

   Each party is investigating the facts of this case with the consideration for possible resolution of this matter.

15. From the attorneys' discussion with their clients, state the alternative dispute resolution techniques that are reasonably suitable.

   Mediation may be considered at a later date.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties joining position on a trial before a magistrate judge.

   The parties do not consent to trial before a magistrate at this time.

17. State whether a jury demand has been made and if it was made on time.

   A jury demand was timely made.

18. Specify the number of hours it will take to present the evidence in this case.

   We anticipate it will take (16-24) hours to present the evidence in this case.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   Cross-defendant Town of South Padre Island's Rule 12(b)(6) Motion to Dismiss Cross Claim of Harvest Multimedia, Inc.

20. List other motions pending.

   Plaintiff's Motion to Extend Time To File Response to Cross-defendant Town of South Padre Island's Rule 12(b)(6) Motion to Dismiss Cross Claim of Harvest Multimedia, Inc.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   None.

22. List the names, bar numbers, addresses, and telephone numbers of all counsel.

Signed on the ___ day of August, 2003.

Donald T. Cheatham
ATTORNEY AT LAW
825 West 11th Street
Austin, Texas 78701
Phone (512) 494-1212
Fax (512) 494-1213

Donald T. Cheatham
Federal Id. No. _____
State Bar No. 24029925
ATTORNEYS FOR PLAINTIFF

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78520
Phone (956) 541-1846
Fax (956) 541-1893

Eduardo G Garza
Federal Id. No. 20916
State Bar No. 00796609
ATTORNEYS FOR DEFENDANT
TOWN OF SOUTH PADRE ISLAND

5

LAW OFFICE OF EDUARDO V. RODRIGUEZ
1265 N. Expressway 83
Brownsville, Texas 78521
Phone (956) 547-9636
Fax (956) 547-9630


_____
Eduardo V. Rodriguez
Federal Id. No.
State Bar No.   00795621
ATTORNEY FOR DEFENDANT
HARVEST MULTIMEDIA, INC.