# WILLETTE & GUERRA, L.L.P.
## ATTORNEYS AT LAW
CHARLES WILLETTE, JR.
R. D. "BOBBY" GUERRA*
HUGH P. TOUCHY
EILEEN M. LEEDS

ELIZABETH SANDOVAL CANTU*
ROMAN "DINO" ESPARZA
EDUARDO G. GARZA
AMY LAWLER GONZALES
JORGE A. GREEN
MELANIE A. MOORE
ROBERT PUENTE *

INTERNATIONAL PLAZA, SUITE 460
3505 BOCA CHICA BOULEVARD
BROWNSVILLE, TEXAS 78521
TELEPHONE: (956) 541-1846
FACSIMILE: (956) 541-1893

*MCALLEN OFFICE:
801 NOLANA, SUITE 320-A
MCALLEN, TEXAS 78504
TELEPHONE: (956) 686-2266
FACSIMILE (956) 686-5913

United States District Court
Southern District of Texas
FILED

OCT 1 0 2003

Michael N. Milby
Clerk of Court

October 10, 2003

*Via Hand Delivery*
Honorable Judge Hilda Tagle
UNITED STATES DISTRICT COURT
Southern District of Texas
Brownsville Division
600 E. Harrison, 1st Floor
Brownsville, Texas 78520

**Attn: Stella**

Re:   Cause No. B-03-084
      Gary Graham vs. Town of South Padre Island
      and Harvest Multimedia, Inc.
      For the Southern District of Texas
      Brownsville Division
      Our File No. 03-188 CW/EG

Dear Judge Tagle:

We wanted to advise you of our progress in setting this case up for an early mediation. We are currently setting up a mediation for December 2, 2003 before Judge Recio. We endeavored to set this matter for mediation sooner, but this was the earliest date that all parties could be available to mediate before Judge Recio. Given the difficulties in coordinating all relevant parties' schedules, we agreed to the December 2 as soon as it became available. As was mentioned at the initial pre-trial conference, the parties have also agreed to conduct the deposition of Plaintiff Gary Graham on November 3, 2003. At the initial pre-trial conference, your honor directed the parties to mediate this case by November 20, 2003. Since the December 2 mediation date is outside of this time frame, I felt it was appropriate to communicate the parties' efforts to coordinate an early mediation as quickly as possible to the court.

All counsel of record are receiving a copy of this correspondence as noted below. Thank you

Honorable Hilda Tagle
UNITED STATES DISTRICT COURT
October 10, 2003
Page 2

for your consideration of this matter.

                                             Respectfully Submitted,

                                             WILLETTE & GUERRA, L.L.P.

                                             By: _____
                                                    Eduardo G Garza

EG/lsr


xc:    *Via Facsimile (512) 494-1213*
       Donald T. Cheathman
       ATTORNEY AT LAW
       825 West 11th Street
       Austin, Texas 78701

       *Via Facsimile (956)547-9630*
       Eduardo V. Rodriguez
       1265 N. Expressway 83
       Brownsville, Texas 78521

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED
OCT 10 2003
Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MANUEL MARES MARTINEZ, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| | § | U.S. Court of Appeals No. 02-40588 |
| vs. | § | U.S.D.C. Nos. : B-01-CV-65 |
| | § | B-99-CR-362-1 |
| | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent | § | |
| | § | |

MOTION FOR REENTRY OF JUDGMENT

TO THE HONORABLE JUDGE OF THIS COURT:

Comes now, the Petitioner, Manuel Mares Martinez, hereinafter Petitioner, in pro se representation, to present this Motion for Reentry of Judgment in order to file a <u>Notice of Appeal</u> within ten days of the granting of the Order herein solicited.

Petitioner was denied an opportunity to file a direct appeal following sentencing on June 16, 2000. An attorney is obligated to protect his clients wish to file a direct appeal. See **Roe v. Flores- Ortega**, 528 U.S. 470, 484, 486, 2000; **Strickland v. Washington**, 466 U.S. 668, 687 (1984).

According to a decision from the Fifth Circuit Court of Appeals filed September 5, 2002, in which Petitioner sought to obtain a Certificate of Appealability in order to appeal the district court's denial of a Motion to Vacate under 28 U.S.C. § 2255:

"Each of the attorneys involved in this matter submitted affidavits stating that they discussed with Mares his right to appeal. Mares does not argue that counsel failed to advise him regarding his appellate rights."

Page 1 of ____ .

Insofar as this is true, it is also true that: (1) Petitioner did manifest to attorneys Jesus R. Canales of 845 E. Harrison St. in Brownsville, and Luis V. Saenz of 4633 Lakeway Drive in Brownsville his desire to file a direct appeal; (2) that given the limited time permitted to file a direct appeal that defense attorneys should have gone ahead and filed a notice of appeal with the district court because that was Petitioner's wish; and (3) in reality neither lawyer went ahead and filed notice of appeal because they conditioned this "service" on the payment of a sum of money over and avove $12,000 (twelve thousand dollars) that had already been paid to counsel. More cash was not available to Petitioner.

At this point, Petitioner had been sentenced and he was told that these attorneys (Saenz and Canales) did not do appeals. However, attorneys put the Petitioner in contact with Larry Warner, attorney-at-law with offices at 777 E.Harrison Street, in Brownsville.

Mr.Warner **agreed** that he would represent Petitioner in his direct appeal. He asked the Petitioner for $25,000 (twenty-five thousand dollars) with an additional demand for an immediate "down-payment" of $15,000 (fifteen thousand dollars). While these negotiations were going on, Petitioner was moved from the Cameron County Jail to Karnes County Jail.

Petitioner poses the following question: **Where did the responsibility of Messrs. Saenz and Canales end regarding Petitioner's sentence, in light of his expressed desire to file an appeal; and where did Mr.Warren's responsibility begin and end, given the fact that he represented to the Petitioner that he would file an appeal on his behalf?**

Petitioner contends that the refusal to file a five-line notice of appeal had less to do with the fact that the first-named attorneys did not handle appeals and that the latter (Mr.Warner) made a promise but decided to do nothing until he received the money he was demanding, and everything to do with cash. (Petitioner pleaded guilty to conspiracy to possess with

intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841 (a)(1) and 846.)

But for coumsel's deficient performance in failing to file a notice of appeal - counsel's deficient conduct - Petitioner would have appealed. See, **United States v. Green**, 882 F.2d 999, 1003 (5th Cir. 1989). Petitioner (Mares) was led to believe that his attorney would file a notice of appeal fro him during the time that negotiations about money were in progress. Petitioner <u>did not know</u> that a notice of appeal would not have been filed.

<u>PRAYER AND CONCLUSION</u>

In light of the foregoing, Petitioner prays the Court would grant this Motion for Reentry of Judgment and allow him to file a Notice of Appeal within 10 days of its issuance.

Dated __6__ of October, 2003                               Respectfully submitted,

                                                           *[signature]*
                                                           Manuel Mares Martinez
                                                           Reg. No. 58072-079
                                                           Bastrop F.C.I.
                                                           P.O. Box 1010
                                                           Bastrop, TX 78602-1010

CERTIFICATE OF SERVICE
I MANUEL MARES MARTINEZ, do hereby certify, that on this day, __6__ of October, 2003, that I mailed a true and correct copy of the foregoing Motion For Reentry Of Judgment to the United States Attorney, Southern District of Texas, Brownsville, via pre-paid first-class U.S. Mail.

                                                           *[signature]*
                                                           Manuel Mares Martinez