39

United States District Court
Southern District of Texas
FILED

JUN 1 7 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GARY GRAHAM | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-03-084 |
| VS. | § | |
| | § | (JURY REQUESTED) |
| | § | |
| TOWN OF SOUTH PADRE ISLAND | § | |
| and HARVEST MULTIMEDIA, INC. | § | |
| Defendant. | § | |

---

## JOINT PRETRIAL ORDER

---

The parties to the above cause through their respective counsel of record, enter into the following Joint Pretrial Order.

## I.
## APPEARANCE OF COUNSEL

*Attorney for Plaintiff*
Donald T. Cheatham
ATTORNEY AT LAW
825 West 11th Street
Austin, Texas 78701
(512) 494-1212 Telephone
(512) 494-1213 Facsimile

*Attorneys for Defendant Town of South Padre Island*
Eduardo G Garza
Charles Willette, Jr.
Willette & Guerra, L.L.P.
1534 E. 6th Street, Suite 200
Brownsville, Texas 78520
(956) 541-1846 Telephone
(956) 541-1893 Facsimile

*Attorney for Co-Defendant Harvest Multimedia*
Heriberto "Eddie" Medrano

Law Office of Heriberto Medrano
2009 East Harrison, Suite B
Harlingen, Texas 78550
(956) 428-2412 Telephone
(956) 428-2495 Facsimile

**II.**
**STATEMENT OF THE CASE**

A.    **PLAINTIFF'S STATEMENT**

1.    [1]Plaintiff Gary Graham [2] artistically composed a poetic lyric, which he law-fully copyrighted on March 26th 2001 under of the United States Code [3], Title 17, which Congress enacted under United States Constitution [4], Article 1, Section 8 Clause 8.

2.    Plaintiff obtained his valid **copyright** to the song lyrics for ***"South Padre Island"*** [5] under the statutory "Poor man's copyright," 17 USC.

3.    Plaintiff approached Pelican West[6] for the possibility of recording the song, and subsequently entered into two contracts with that band and Damion Giacchino[7].

---

[1] Our Emphasis Added Throughout.)

[2] Hereinafter referred to, as "Plaintiff'"".
**All references herein-after will be shortened. The complete reference first will appear, as a complete reference in Text. In a designated footnote, the reference will be in abbreviated form appearing within quotation marks. Thereafter in Text only will appear the designated abbreviation or acronym of what is attributed in quotation marks. The particular reference thereafter in text will contain solely the so quoted abbreviation or citation, as applicable, unless otherwise noted.**

[3] "USC".

[4] "US Const.".

[5] "Song".

[6] "Pelican".

[7] "Giacchino".

4.  Without Plaintiff's authority and concurrence Federal Rule of Civil Procedure 19 [8]
    proposed Defendants Pelican and Giacchino submitted an unauthorized copy of a
    recording session of the song to Defendant Town of South Padre Island[9].

5.  Plaintiff holds the *only* valid copyright for the song "South Padre Island."

6.  Giacchino does *not* hold a valid copyright to the song, and in fact has defrauded this
    Court, the US Copyright Office, Plaintiff, and Defendant SPI.

7.  Defendants have conspired with Giacchino in this fraud.

8.  SPI entered into a market and publication agreement with Defendant Harvest
    Multimedia, Inc. [10] to re-record on a video disc CD-ROM, a version containing the
    Plaintiff's copyrighted song for promotion of their beachside resort city, which
    FRCivP 19 proposed parties Giacchino and his band, Pelican previously had recorded.

9.  SPI officially had adopted Plaintiff's "song", as its own "official town song."

10. All actual and proposed Defendants here intended to distribute widely such CD-
    ROMs, which they did, and from which they hoped to obtain economic benefit.

11. Pelican, Giacchino, and Defendants' legal obligation was to insure that Defendants'
    paid the proper royalties to Plaintiff for using the copyrighted song.

12. All Defendants infringed Plaintiff's copyright.

---

[8] "FRCivP". Plaintiff previously had filed a Motion for this Court's leave to file an Amended Complaint
to add indispensable Party Defendants Pelican and Giacchino, under FRCivP19.
[9] "SPI".

[10] "Harvest".

13.  Plaintiff brought suit here in this Court for damages under the infringement provisions for damages of USC Title 17.

14.  In the course of the Defendant SPI Summary Judgment proceedings, Plaintiff for the first time learned, that Pelican band leader, Giacchino on April 10th 2001 knowingly and intentionally had attempted to copyright both the "words and music" to the "song", "South Padre Island,", without informing Plaintiff of such copyright application, without consent or permission, and contrary to two agreements between Plaintiff and that band leader, respectively of March 12th 2001 and June 6th 2001.

15.  Giacchino was well aware on April 10 2001 that Plaintiff had copyrighted the song on March 26th 2001.

16.  Giacchino willfully has infringed Plaintiff's copyright, breached his contracts with Plaintiff, and has filed a *fraudulent* application with the United States Copyright Office, directly in violation of the civil remedy portions of USC Title 17, as well as, . 17 USC § 506, the latter which imposes criminal sanctions on anyone who does what Giacchino admits to doing, as reflected now in his Summary Judgment Affidavit, offered as evidence to this Court.

17.  It is clear from this Court's record summary judgment evidence that Giacchino has attempted without Plaintiff's concurrence or agreement, in fact contrary to his written agreement(s) with Plaintiff, to circumvent intentionally Plaintiff's constitutional, statutory, and common law copyright rights, and has breached contractual agreements with Plaintiff.

4

18.    Plaintiff incorporates herein by this reference all of the pleadings, documents, and exhibits of this Court's Record in this case in its entireties.

**B.    Defendant Town of South Padre Island's Statement.**

This case involves a dispute regarding the former official town song of Defendant Town of South Padre Island entitled "South Padre Island." Plaintiff Gary Graham holds a copyright to the lyrics of that song (lyrics only). Plaintiff does not hold a copyright to the entire song called "South Padre Island". Damion Giacchino of the band Pelican West actually holds the copyright to the music and vocal melody to the song. Plaintiff developed the initial version of lyrics to the song and approached Pelican West with them to record the song because he thought they were a good group. Damion Giacchino's band is called Pelican West. Giacchino/Pelican West re-wrote the original lyrics provided by Graham, changed the music to the song, performed and recorded the song, and provided the vocals that appear on the finished song as it appears on the cd of the song and Defendant's visitor's guide cd-rom.

According to Plaintiff Graham, he entered into a deal with Pelican West that called for Pelican West to pay for everything to record the song, produce a finished CD they could sell off of the stage, and go to the radio stations at Pelican West's expense. Plaintiff expected Pelican West to make the song known to the public and get it distributed. Plaintiff asserts he was asked to bring the song to a Town meeting. Plaintiff attended two Town meetings where the song was played, voted on, and declared the "official town song." Pelican West did not attend the meetings with Graham, but they knew about it, voiced no objection to it, were "thrilled" about it, and wanted it to happen. Plaintiff Graham was pleased with the decision of the town to adopt the song as the official town song.

5

Plaintiff never asked Defendant Town of South Padre Island for any money associated with the song and he did not discuss royalties with them either.    After declaring the song the official town song of the Town of South Padre Island, the town included the song in its visitor's guide cd-rom which was produced at the expense of the town and distributed for free. Damion Giacchino of Pelican West expected that the Town would use the song and play the song since it was the "official town song".    Damion Giacchino's only criticism with respect to the use of the song by the Town of South Padre Island is that the visitor's guide cd-rom featuring the song was of poor quality.    They had no criticism of the use of the song by the town.

**C.    Defendant Harvest Multimedia's Statement.**

### III.
### JURISDICTION

This court has jurisdiction to hear this case as it involves federal questions associated with Title 17 of the United States Code.

### IV.
### MOTIONS

Defendant Town of South Padre Island filed a Motion for Summary Judgement on March 10, 2004.    Plaintiff has responded and Defendant filed a reply to said response. The motion is still pending before the court.

Plaintiff filed a Motion for Leave to Amend Complaint and Add Indispensable Third Party. Defendant Town of South Padre Island filed a response to this motion in opposition.    The motion is pending before the court.

### V.

6

## CONTENTIONS OF THE PARTIES

**A.    Contentions of the Plaintiff**

1.    Plaintiff's copyright was infringed.

2.    Defendants owe damages pursuant to statute for each such copyright infringement, which would be the multiple statutory damages multiplied by the sum of the number of copies made of the illegally reproduced copyrighted song, added to the number of times SPI had the song aired in mass-media commercials as well as, reasonable attorney's fees and costs.

3.    Defendants failed to investigate and to ascertain who held the valid copyright for the material they reproduced, disseminated, and published to the public at large.

4.    At all times, the material reproduced had been represented to and by SPI, as Plaintiff copyrighted song.

5.    Plaintiff further contends that Giacchino and the named Defendants defrauded him, the US Copyright Office, and this Honorable Court.

**B.    Contentions of Defendant Town of South Padre Island.**

1.    Defendant Town of South Padre Island contends that it did not commit any act of copyright infringement of Plaintiff's copyright to the lyrics of the song South Padre Island.

2.    Defendant contends that the song "South Padre Island" constitutes a joint work under 17 U.S.C. 101.

7

3.  Defendant further contends that it had an implied license/implied consent derived from the conduct and actions of Plaintiff and Giacchino/Pelican West to use the song entitled "South Padre Island."

4.  Defendant further contends that in addition to the implied license provided to Defendant by virtue of Plaintiff's conduct, it had authority to distribute the song from a joint author of that work (Giacchino/Pelican West) based on that joint author's conduct.

5.  Defendant further contends that Plaintiff knew and intended that his contribution to the song South Padre Island would be merged with the contributions of the contributions of Giacchino/Pelican West as part of an integrated unit with the intention of creating a unitary whole in the form of a song.

6.  Defendant further contends that Plaintiff and Giacchino/Pelican West were authors of the joint work called "South Padre Island", and that they each hold undivided interests in it.

7.  Defendant further contends that there is absolutely no evidence before the court that Plaintiff ever intended his lyrics to stand alone with no music.

8.  Defendant further contends that neither Giacchino/Pelican West or Plaintiff needed each other's consent to use or license the use of the song South Padre Island as they each have the right to use or to license the use of the song subject to an accounting to the other co-owner for any profits.

8

9.    Defendant further contends that an authorization from Giacchino/Pelican West or from Plaintiff by virtue of their conduct is a defense to an action against Defendant that could be brought by either party.

**C.    Contentions of Defendant Harvest Multimedia.**

### VI.
### ADMISSIONS OF FACT

1.    The song "South Padre Island" was declared the "official town song" by the town's Board of Aldermen after Graham took the song to them at a town meeting.

2.    The Town of South Padre Island included the song in it's visitor's guide CD-ROM which was distributed for free to the public.

3.    Plaintiff Gary Graham holds a copyright to the lyrics of the song South Padre Island.

4.    Plaintiff Graham does not hold a copyright to the entire song called "South Padre Island".

5.    Plaintiff Graham developed the initial version of lyrics to the song and approached Pelican West with them to record the song because he thought they were a good group.

6.    Damion Giacchino's band is called Pelican West.

7.    Giacchino/Pelican West re-wrote the original lyrics to the song South Padre Island provided by Graham.

8.    Giacchino/Pelican West changed the music to the song South Padre Island.

9.    Giacchino/Pelican West performed and recorded the song South Padre Island.

10.    Giacchino/Pelican West provided the vocals that appear on the finished song South Padre Island.

11.    Plaintiff Graham attended two Town meetings where the song was played, voted on, and declared the "official town song."

12.    Plaintiff Graham voluntarily played the song "South Padre Island" for the entire audience in attendance at a town meeting.

13.    Pelican West did not attend the meetings with Graham, but they knew about it, voiced no objection to it, were "thrilled" about it, and wanted it to happen.

14.    Plaintiff Graham was pleased with the decision of the town to adopt the song as the official town song.

15.    Plaintiff Graham never asked Defendant Town of South Padre Island for any money associated with the song "South Padre Island" and he did not discuss royalties with them.

16.    After declaring the song the official town song of the Town of South Padre Island, the town included the song in its visitor's guide cd-rom which was produced at the expense of the town and distributed for free.

17.    Damion Giacchino's only criticism with respect to the use of the song by the Town of South Padre Island is that the visitor's guide cd-rom featuring the song was of poor quality, they had no criticism of the use of the song by the town.

18.    Plaintiff provided Giacchino/Pelican West with lyrics so that they could put music to the song South Padre Island.

19.    The document labeled "Legal Agreement" specifically indicates that the music to the song South Padre Island was written by Damion Giacchino.

10

20.    Plaintiff lodged a complaint with Defendant Town of South Padre Island regarding the quality and distribution of the CD ROM, and he insisted that Defendant cease any additional distribution and publication.

21.    Defendant Town of South Padre Island adopted the song "South Padre Island" as its "official town song".

22.    Defendant Town of South Padre Island retained the services of Harvest Multimedia to produce its Visitor's Guide CD-ROM containing the song "South Padre Island".

## VII.
## CONTESTED ISSUES OF FACT

1.    Defendant Town of South Padre Island disputes that it committed any violation of Plaintiff's copyright to lyrics of the song South Padre Island.

2.    Defendant Town of South Padre Island disputes that it committed any intentional infringement of Plaintiff's copyright to lyrics of the song South Padre Island.

3.    Defendant Town of South Padre Island disputes that in September of 2002, Plaintiff an illegally reproduced CD of the song South Padre Island being played by representatives of the Town of South Padre Island.

4.    Defendant Town of South Padre Island disputes that the statements of joint intentions between Pelican West/Giacchino and Plaintiff made in Giacchino's affidavit are false and misleading.

5.    Defendant Town of South Padre Island disputes that Plaintiff first learned of Giacchino's copyright to the music and vocal melody to the song South Padre Island when he read Defendant's Motion for Summary Judgement.

6.    Defendant Town of South Padre Island disputes Plaintiff's contention that Giacchino/Pelican

11

West had no authority to provide implied license to Defendant to use the song South Padre Island.

7.    Damion Giacchino of Pelican West holds the copyright to the music and vocal melody to the song South Padre Island.

8.    Plaintiff Graham entered into a deal with Pelican West that called for Pelican West to pay for everything to record the song, produce a finished CD they could sell off of the stage, and go to the radio stations at Pelican West's expense.

9.    Plaintiff Graham expected Pelican West to make the song known to the public and get it distributed.

10.    Damion Giacchino of Pelican West expected that the Town would use the song and play the song since it was the "official town song".

11.    Both Plaintiff Graham and Pelican West undertook a joint effort to produce the melody and harmony to the song "South Padre Island."

12.    Pelican West had the authority under the law to grant Defendant a non-exclusive license to use the song at issue.

13.    The Town of South Padre Island did not take Plaintiff's copyrighted lyrics and utilize them in some illegal or inappropriate manner.

14.    The Town of South Padre Island did not utilize the lyrics independently of the song "South Padre Island" in any way.

15.    Plaintiff Graham brought the song "South Padre Island" to Defendant Town of South Padre Island.

16.    The song "South Padre Island" was a cooperative and joint effort between Plaintiff and

Giacchino/Pelican West as conceded by Plaintiff.

17.  Plaintiff intended his copyrighted lyrics to be merged with contributions from Giacchino/Pelican West in a collaborative effort to create the song South Padre Island.

18.  Plaintiff and Pelican West decided to add the harmony to the song South Padre Island in a joint effort.

19.  Giacchino/Pelican West had authority to provide an implied license to Defendant Town of South Padre Island to use the song South Padre Island.

20.  Giacchino can _not_ and does _not_ hold a valid copyright to the "music and vocal melody", as he fraudulently represented to the United States Copyright Office.

21.  SPI considered the adoption of the song as its official song at Plaintiff's behest, and not Giacchino.

22.  SPI continued to distribute and publish the song in the CD ROMs containing the song and otherwise, even after Plaintiff raised objections

23.  Plaintiff lodged a complaint with a SPI employee regarding the quality and distribution of the CD ROM, and he insisted that SPI cease any additional distribution and publication.

24.  SPI continued to distribute the CD ROM and publish the song otherwise, even after Plaintiff had publicized widely his objections aforesaid.

25.  On March 12th 2001 Plaintiff and proposed Defendant Giacchino entered into a valid common law copyright Contract, which states in pertinent part that "Gary Graham is [sic."the"] composer of the lyrics." [11]

26.  The Town of South Padre Island did not sell the song or distribute the song South Padre Island

---

[11] Aforesaid Contract is an Exhibit to Plaintiff's supporting Affidavit offered in opposition in his Response to Defendant SPI's Motion for Summary Judgment pending before this Court.

13

for any money or any profit.

27.    Pelican West changed the original music to the song "South Padre Island."

28.    Plaintiff Graham's intent was to have lyrics he wrote merged with Giacchino/Pelican West's

music to create the song that appears on the audio cd called "South Padre Island."

## VIII.
## AGREED PROPOSITIONS OF LAW

1.    Plaintiff holds a copyright to the lyrics of the song "South Padre Island".

## IX.
## CONTESTED PROPOSITIONS OF LAW

1.    A joint work is prepared by two or more authors with the intention that their contributions be

merged into inseparable and interdependent parts of a unitary whole.  17 U.S.C 101.

2.    A work is considered a joint work if authors collaborated with each other or if each prepared

his or her contribution knowing and intending that it would be merged with the contributions

of the other as a part of an integrated unit. 17 U.S.C. 101; *see also Erickson v. Trinity Theater,*

*Inc.*, 13 F3d 1061, 1068 (7th Cir. 1994).

3.    The critical element with respect to a joint work is the intention at the time the work is done

that parts be combined into a unitary whole.  *Childress v. Taylor*, 945 F.2d 500, 508-509(2nd

Cir. 1991), *Cloughston v. The American Academy of Orthopedic Surgeons*, 930 F. Supp. 1156,

1159(W.D. Tex. 1996).

4.    The authors of a joint work are co-owners of the copyright in the work. 17 U.S.C 201.

5.    Authors of a joint work hold undivided interests in it, despite any differences in each author's

contribution. *Erickson*, 13 F.3d at 1068; *Childress*, 945 F.2d at 508-509; *Pye v. Mitchell*, 574

F.2d 476 (9th Cir. 1978).

6.   Generally, all joint authors share equally in the ownership of copyright of a joint work. *See Generally Goodman v. Lee*, 988 F2d 619 (5th Cir. 1993).

7.   Joint authors enjoy all rights of authorship under 17 U.S.C. sec. 304.

8.   A co-owner of a copyright needs no consent to use or license the use of a work non-exclusively as each owner has the right to use or to license the use of the work subject to an accounting to the other co-owner for any profits. *Childress v. Taylor*, 945 F.2d 500, 505 (2nd Cir. 1991); *Erickson v. Trinity Theater, Inc.*, 13 F3d 1061, 1068 (7th Cir. 1994).

9.   An authorization to a third party from one joint owner is a defense to an action against that party brought by the other joint owner.

10.  A non exclusive license to use a joint work can be impliedly granted by the conduct and actions of a joint owner or copyright holder of a work. See *Lulirama Ltd., Inc. vs. Axcess Broadcast Services, Inc.*, 128 F3d 872(5th Cir. 1997).

11.  A non-exclusive implied license need not be evidenced by a writing, rather such a license may be implied from conduct. *Lulirama Ltd., Inc. vs. Axcess Broadcast Services, Inc.*, 128 F3d 872, 879 (5th Cir. 1997); *Carson v Dynegy*, 344 F.3d 446, 451 (5th Cir. 2003); see generally *CMS Software Design System Inc. v. Info Designs, Inc.*, 785 F.2d 1246, 1248 (5th Cir. 1986); and *Batistse v Island Records, Inc.*, 179 F.3d 217, 222 (5th Cir. 1999).

12.  Plaintiff artistically composed a poetic lyric, which he lawfully copyrighted on March 26th 2001 under USC Title 17, which Congress enacted under US Const. Art. 1, § 8, Clause 8.

13.  Plaintiff obtained his valid copyright to the song lyrics for "South Padre Island" under the statutory "Poor man's copyright." 17  USC.

14.  SPI entered into a market and publication agreement with Defendant Harvest to re-record on

15

a video disc CD-ROM a version containing the Plaintiff's copyrighted lyrics for promotion of their beachside resort city, which Giacchino and his band, Pelican previously had recorded.

15. All actual and proposed Defendants here intented to distribute widely such CD-ROMs, which they did, and from which they hoped to obtain economic benefit.

16. Plaintiff's copyright was infringed, and he brought suit here in this Court for damages under the infringement provisions for damages of USC Title 17.

17. In the course of the Defendants' Summary Judgment proceedings, Plaintiff for the first time learned, that Pelican band leader, Giacchino had attempted to copyright both the "words and music" to the "song", "South Padre Island," on April 10th 2001, without informing Plaintiff of such copyright application, without Plaintiff's consent or permission, and contrary to two agreements between Plaintiff and that band leader, respectively of March 12th 2001 and June 6th 2001.

18. Giacchino willfully has infringed Plaintiff's copyright, breached his contracts with Plaintiff, and has filed a fraudulent application to the United States Copyright Office, directly in violation of the civil remedy portions of USC Title 17, as well as, 17 USC § 506, the latter which imposes criminal sanctions on any-one who does what Giacchino admits to doing, as reflected now in his Summary Judgment Affidavit, offered as evidence to this Court.

19. It is clear from this Court's record summary judgment evidence that Giacchino has attempted without Plaintiff's concurrence or agreement, in fact contrary to his written agreement with Plaintiff, to circumvent intentionally Plaintiff's constitutional, statutory, common law rights copyright, and has breached contractual agreements.

20. 17 USC § 501 establishes **strict liability *per se*** for any infringement, to wit: "[a]nyone who

16

20.    17 USC § 501 establishes **strict liability** *per se* for any infringement, to wit: "[a]nyone who violates any of the exclusive rights of the copyright owner" is any infringer, whether innocent or intentional, and is strictly liable for any copyright infringement. ;B1;B1

21.    There are few defenses, if any, to copyright infringement, and as Plaintiff conclusively demonstrates, and there is no defense available under the law for the actual Defendants, SPI and Harvest, or the proposed Defendants, Giacchino or Pelican. As a result, because of the law and facts present in this record, Defendant Padre Island's Motion for Summary Judgment should fail, and this Court should allow Plaintiff to amend his Complaint to add FRCivP 19 Defendants.

## X.
## EXHIBITS

Please see attached Defendant Town of South Padre Island's Exhibit List.

Please see attached Plaintiff's Exhibit List.

## XI.
## WITNESSES

Please see attached Defendant Town of South Padre Island's Witness List.

Please see attached Plaintiff's Witness List.

## XII.
## SETTLEMENT

The parties mediated this case before the Honorable Felix Recio and an impasse was reached.

## XIII.
## TRIAL

1.    Probable length of trial is expected to be 2-3 days.

2.    The only logistical problems the parties may encounter is the availability of independent

     witnesses not under the control of any party to testify at trial.

## XIV.
## ATTACHMENTS

1.    Proposed Questions for voir dire examination from Defendant Town of South Padre

     Island.

2.    Proposed charge from Defendant Town of South Padre Island.

Date: _____          _____
                                     UNITED STATES DISTRICT JUDGE

APPROVED:

Date: _6-17-04_____          _Donald T. Cheatham w/peEG___
                                     Donald T. Cheatham
                                     Attorney for Plaintiff

Date: _6-17-04_____          _Eduardo G Garza_____
                                     Eduardo G Garza
                                     Attorney for Defendant Town of South Padre Island

Date: _____          _____
                                     Heriberto "Eddie" Medrano
                                     Attorneys for Defendant Harvest Multimedia

18

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Gary Graham *versus* Town of South Padre Island et al. | CASE NO.    B-03-084 |
|---|---|
| | **Defendant's Exhibit List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos Court Reporter: Heather Hall |
| List of Defendant Town of South Padre Island | Proceeding   Date: July 6, 2004 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Lyrics of song "South Padre Island" | | |
| 2 | Copyright of Gary Graham | | |
| 3 | Copyright of Damion Giacchino (Words and Music) | | |
| 4 | Agenda and Minutes of Town Meeting Held on April 18, 2001 | | |
| 5 | News article regarding Gary Graham and Pelican West. | | |
| 6 | Audio cd of "South Padre Island" with cover | | |
| 7 | Visitor's Guide CD-ROM | | |
| 8 | Agreement for the song "South Padre Island" dated 3-12-01 | | |
| 9 | "Legal Agreement" dated 6-4-01 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Gary Graham *versus* Town of South Padre Island et al. | CASE NO.    B-03-084 |
|---|---|
|  | **Plaintiff's Exhibit List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos<br>Court Reporter: Heather Hall |
| List of Plaintiff | Proceeding   Date: July 6, 2004 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Lyrics of song "South Padre Island" | | |
| 2 | Copyright of Gary Graham | | |
| 3 | Copyright of Damion Giacchino (Words and Music) | | |
| 4 | Agenda and Minutes of Town Meeting Held on April 18, 2001 | | |
| 5 | News article regarding Gary Graham and Pelican West. | | |
| 6 | Audio cd of "South Padre Island" with cover | | |
| 7 | Visitor's Guide CD-ROM | | |
| 8 | Agreement for the song "South Padre Island" dated 3-12-01 | | |
| 9 | "Legal Agreement" dated 6-4-01 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| | |
|---|---|
| Gary Graham<br>*versus*<br>Town of South Padre Island et al. | CASE NO.    B-03-084 |
| | **Defendant's Witness List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos<br>Court Reporter: Heather Hall |
| List of Defendant Town of South Padre Island | Proceeding  Date: July 6, 2004 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Gary Graham<br>Plaintiff | | |
| 2 | Mark Longoria<br>Harvest Multimedia, Inc.<br>22772 Briggs Coleman Road<br>Harlingen, Texas 78550<br>Co-Defendant's Owner | | |
| 3 | Mr. Paul Y. Cunningham, Jr.<br>City Attorney<br>Town of South Padre Island<br>P.O. Box 3410<br>South Padre Island, Texas 78597-3410<br>Mr. Cunningham is the City Attorney for the Town of South Padre Island and has personal knowledge of the complaint of Plaintiff incident made the basis of this lawsuit, the declaration of the song at issue as the "official town song", Graham's conduct constituting an implied license, and Damion Giacchino's /Pelican West's conduct constituting an implied license. | | |

| 4 | Damian Giacchino<br>P.O. Box 3737<br>South Padre Island, Texas 78597<br><br>Leader and owner of band Pelican West. He is the joint author of the song "South Padre Island" who composed words and music and holds a copyright to the music and vocal melody of the song. He has knowledge of Pelican West's members' conduct, the declaration of the song at issue as the "official town song" the implied license given to the Town of South Padre Island, the origins of the song, and Gary Graham's conduct with respect to the song at issue. | | |
| --- | --- | --- | --- |
| 5 | Tom Johnson<br>P.O. Box 3737<br>South Padre Island, Texas 78597<br><br>Member of band Pelican West. He has knowledge of Pelican West's members' conduct, the declaration of the song at issue as the "official town song" the implied license given to the Town of South Padre Island, the origins of the song, and Gary Graham's conduct with respect to the song at issue. | | |
| 6 | Pamela Rich<br>P.O. Box 3737<br>South Padre Island, Texas 78597<br><br>Member of band Pelican West. She has knowledge of Pelican West's members' conduct, the declaration of the song at issue as the "official town song" the implied license given to the Town of South Padre Island, the origins of the song, and Gary Graham's conduct with respect to the song at issue. | | |
| 7 | Craig McWhinney<br>P.O. Box 3737<br>South Padre Island, Texas 78597<br><br>Member of band Pelican West. He has knowledge of Pelican West's members' conduct, the declaration of the song at issue as the "official town song" the implied license given to the Town of South Padre Island, the origins of the song, and Gary Graham's conduct with respect to the song at issue. | | |

| 8 | Mayor Bob Pinkerton<br>Town of South Padre Island<br>P.O. Box 3410<br>South Padre Island, Texas 78597-3410<br><br>Mayor Pinkerton is the corporate representative for the Town of South Padre Island and has knowledge of the complaint of Plaintiff, the declaration of the song at issue as the "official town song", Graham's conduct constituting an implied license, and Damion Giacchino's/Pelican West's conduct constituting an implied license. | | |
| 9 | Edmund Cyganiewicz<br>1000 E. Madison<br>Brownsville, Texas 78520<br><br>Mr. Cyganiewicz is the former mayor of South Padre Island. He was the mayor of South Padre Island at the time the song was declared the official town song, and he has knowledge of Plaintiff's and Giacchino's attitudes and conduct regarding the use of the song by the town. | | |
|  | | | |

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Gary Graham<br>*versus*<br>Town of South Padre Island et al. | CASE NO.    B-03-084 |
|---|---|
| | **Plaintiff's Witness List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos<br>Court Reporter: Heather Hall |
| List of Defendant Town of South Padre Island | Proceeding  Date: July 6, 2004 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Gary Graham<br>Plaintiff | | |
| 2 | Mark Longoria<br>Harvest Multimedia, Inc.<br>22772 Briggs Coleman Road<br>Harlingen, Texas 78550<br>Co-Defendant's Owner | | |
| 3 | Mr. Paul Y. Cunningham, Jr.<br>City Attorney<br>Town of South Padre Island<br>P.O. Box 3410<br>South Padre Island, Texas 78597-3410<br><br>Mr. Cunningham is the City Attorney for the Town of South Padre Island and has personal knowledge of the complaint of Plaintiff incident made the basis of this lawsuit, the declaration of the song at issue as the "official town song", Graham's conduct constituting an implied license, and Damion Giacchino's /Pelican West's conduct constituting an implied license. | | |

| 4 | Damian Giacchino<br>P.O. Box 3737<br>South Padre Island, Texas 78597<br><br>Leader and owner of band Pelican West. He is the joint author of the song "South Padre Island" who composed words and music and holds a copyright to the music and vocal melody of the song. He has knowledge of Pelican West's members' conduct, the declaration of the song at issue as the "official town song" the implied license given to the Town of South Padre Island, the origins of the song, and Gary Graham's conduct with respect to the song at issue. | | |
| --- | --- | --- | --- |
| 5 | Tom Johnson<br>P.O. Box 3737<br>South Padre Island, Texas 78597<br><br>Member of band Pelican West. He has knowledge of Pelican West's members' conduct, the declaration of the song at issue as the "official town song" the implied license given to the Town of South Padre Island, the origins of the song, and Gary Graham's conduct with respect to the song at issue. | | |
| 6 | Pamela Rich<br>P.O. Box 3737<br>South Padre Island, Texas 78597<br><br>Member of band Pelican West. She has knowledge of Pelican West's members' conduct, the declaration of the song at issue as the "official town song" the implied license given to the Town of South Padre Island, the origins of the song, and Gary Graham's conduct with respect to the song at issue. | | |
| 7 | Craig McWhinney<br>P.O. Box 3737<br>South Padre Island, Texas 78597<br><br>Member of band Pelican West. He has knowledge of Pelican West's members' conduct, the declaration of the song at issue as the "official town song" the implied license given to the Town of South Padre Island, the origins of the song, and Gary Graham's conduct with respect to the song at issue. | | |

| | | | |
|---|---|---|---|
| 8 | Mayor Bob Pinkerton<br>Town of South Padre Island<br>P.O. Box 3410<br>South Padre Island, Texas 78597-3410<br><br>Mayor Pinkerton is the corporate representative for the Town of South Padre Island and has knowledge of the complaint of Plaintiff, the declaration of the song at issue as the "official town song", Graham's conduct constituting an implied license, and Damion Giacchino's/Pelican West's conduct constituting an implied license. | | |
| 9 | Edmund Cyganiewicz<br>1000 E. Madison<br>Brownsville, Texas 78520<br><br>Mr. Cyganiewicz is the former mayor of South Padre Island. He was the mayor of South Padre Island at the time the song was declared the official town song, and he has knowledge of Plaintiff's and Giacchino's attitudes and conduct regarding the use of the song by the town. | | |
| 10 | Michael Chad Berry, Esq.<br>15851 Dallas Parkway<br>Addison, Texas<br><br>Attorney who discussed copyright with Plaintiff. | | |
| 11 | Alderman Doyle Wells | | |
| 12 | Alderman Rick Wells | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GARY GRAHAM | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-03-084 |
| VS. | § | |
| | § | (JURY REQUESTED) |
| | § | |
| TOWN OF SOUTH PADRE ISLAND | § | |
| and HARVEST MULTIMEDIA, INC. | § | |
| Defendant. | § | |

## DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW, TOWN OF SOUTH PADRE ISLAND, Defendant herein, and submits this its Proposed Voir Dire Questions and requests that the following questions be asked of the jury panel in the same or substantially similar wording:

1.  Have you or any members of your family or close friends ever had any dealings with the Town of South Padre Island, or have you or any relatives or close friends ever worked for the Town of South Padre Island?

2.  Have you or members of your family or close friends ever sued the Town of South Padre Island or any of its employees? (If yes, give details).

3.  Have you, your family members or close friends ever been a plaintiff (a person bringing a lawsuit) in a lawsuit for any reason? (If yes, give details).

4.  (Identify Plaintiff's witnesses) Do you know, or have you, your family members, or

1

close friends, ever had any dealings whatsoever with any of these individuals?

5.  (Identify Defendants' witnesses) Do any of you know or have you had any dealing whatsoever with any of these named individuals? (If yes, give details).

6.  Have any of you ever sat on a jury in a civil trial? (If yes, approach the bench and describe).

7.  Are any of you, your family members, or close friends, lawyers or law students, or have any of ever studied law in the past? (If yes, explain type of practice or law study).

8.  Do any of you feel that just because a lawsuit is filed by people claiming they have sustained damages, that someone else must be at fault?

9.  Has anyone here ever been arrested or incarcerated.  If yes, please describe.

10. Has anyone formed or expressed an opinion already that a plaintiff generally or this Plaintiff should recover from the Defendants?

11. Have any of you, your family members, or close friends ever had a complaint against the Town of South Padre Island or any of their officials, employees, or police officers?

12. Does anyone harbor a bad opinion about the Town of South Padre Island.

13. Does anyone harbor a bad opinion about musicians?

14. Have any of you, your family members, or close friends been involved in any lawsuit in any capacity in which the law firm of Willette & Guerra represented any side?

15. Have any of you, your family members, or close friends had any dealings at all with the law firm of Willette & Guerra?

16. Have any of you, your family members, or close friends ever taken out a copyright on a

2

song or writing? (Please explain)

17. Have any of you, your family members, or close friends ever been in a band? (Please explain).

18. Have any of you, your family members, or close friends ever been involved in a copyright dispute? (Please explain).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

GARY GRAHAM                           §
                    Plaintiff,        §
                                      §    CIVIL ACTION NO. B-03-084
VS.                                   §
                                      §    (JURY REQUESTED)
                                      §
TOWN OF SOUTH PADRE ISLAND            §
and HARVEST MULTIMEDIA, INC.          §
                    Defendant.        §

---

## DEFENDANTS' JURY INSTRUCTIONS

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW, TOWN OF SOUTH PADRE ISLAND, a named Defendant herein, and requests that the Court submit to the jury the instructions attached hereto.


**GENERAL INSTRUCTIONS:**

**Members of the Jury:**

Now that you have heard the evidence, my duty is to give you the instructions of the Court on the law you should apply to this case. Your duty as jurors is to follow the law as stated in these instructions and to apply these rules of law to the facts you find from the evidence in the case. You are not to single out on instruction alone as stating the law; rather, you must consider the instructions as a whole.

Regardless of any opinion you may have as to what the law should be, you would violate your

1

sworn duty if you based a verdict upon any view of the law other than that given in the instructions stated by the Court. Similarly, you would violate your sworn duty as judges of the facts if you based your verdict upon anything but the evidence in this case. You, the Jury, are the sole and exclusive judges of the facts.

You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

You should consider and decide this case as an action between persons of equal standing in the community, of equal worth, and holding the same or similar situations in life.

You must consider only evidence properly admitted in the case. Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; any deposition testimony of witnesses that was admitted into evidence; all exhibits received in evidence, regardless of who may have produced them; and all facts that have been admitted or stipulated. You must entirely disregard any evidence that a party objected to if I sustained that objection and any evidence that was ordered stricken by the Court.

Statements and arguments of counsel are not evidence; rather they are intended only to assist you in understanding the evidence and the contentions of the parties. During the course of the trial, it often becomes the duty of counsel to make objections and for the Court to rule on them in accordance with the law. You should not consider or be influenced by the fact that such objections have been made, whether they are sustained or overruled.

Similarly, you should not allow your attitude toward either party or the evidence to be

2

affected by how you regard the general conduct or attitude of the attorneys. Each attorney has a solemn duty to defend the client vigorously and with dedication and thus may not please everyone all the time. Your decision on the facts of this case should therefore not be affected by your opinion of the attorneys.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You, as jurors, are the sole judges of the credibility of the witnesses and weight their testimony deserves. You should carefully scrutinize all the testimony given and, in weighing the testimony of each witness, consider the relationship between the witness and the parties in the case, his or her interest in the outcome of the case, the witness's manner of testifying, candor, fairness, and intelligence, and the extent to which the witness's testimony has been confirmed or contradicted, if at all, by other credible evidence.

You will rely upon your own good judgment, your own common sense, and the experience you have gained as you have gone about your everyday affairs in weighing the evidence and determining the weight to be given to it. You are permitted to accept as true and worthy of belief everything that a particular witness may have said, or you are permitted to reject everything that a particular witness may have said. Of course, you may also accept as true part of what a witness tells you and reject other portions of that witness's testimony.

3

**WITNESSES**

A witness may be discredited or "impeached" by contradictory evidence or by evidence that the witness has at other times made statements that are inconsistent with the witness's present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness and not to conclusively establish the truth of the earlier statements. If you believe any witness has been impeached and thus discredited, you are free to give the testimony of that witness such credibility, if any, as you may think it deserves.

**EVIDENCE**

You may, in your determination of the facts of this case, consider both direct and circumstantial evidence. Direct evidence is the testimony of a witness who actually saw an event occur. Circumstantial evidence is proof of a chain of circumstances pointing to the occurrence of a fact or the existence of a fact. Direct evidence includes a witness's testimony as to facts within that person's own personal knowledge, matters that the witness saw and heard, and matters that came to the witness out of that person's own senses or observations. Circumstantial evidence, rather than or in addition to direct evidence, can be used to establish a fact if that fact may be fairly and reasonably inferred from all other facts and circumstances proved in the case. In order to establish a fact or conclusion by circumstantial evidence, the facts that were directly proven in the case must be such as to make the fact or conclusion sought to be shown by circumstantial evidence more reasonably probable to be true than alternative facts or conclusions. As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with a preponderance of all the evidence in the case, both direct and circumstantial.

**PREPONDERANCE OF THE EVIDENCE**

4

A "preponderance of the evidence" means the greater weight and degree of the credible evidence admitted in this trial. It does not necessarily mean the greater volume of evidence or the greater number of witnesses. To establish or prove something by a preponderance of the evidence means to prove that something is more likely true than not. In other words, a preponderance of the evidence in this case means such evidence that, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not.

## SPECIFIC INSTRUCTIONS

In this case the Plaintiff claims that the Town of South Padre Island intentionally infringed upon Plaintiff Gary Graham's copyright to the lyrics of the song called "South Padre Island" in violation of Title 17 of the United States Code.

## COPYRIGHT DEFINED

The term "copyright" is the name for the protection that the law extends to an author of an original work against the unauthorized appropriation of that work by others. The term is derived from the fact that such an author has the exclusive right to copy the work, and therefore may exclude others from copying the work.

The term "author" generally is used to refer to a writer. As used in the law of copyright, however, the term embraces any creator of an original work protected by the copyright laws, such as a poet or composer of music. The author of a copyrighted work is the owner of the copyright in that work. The term "owner" also includes any person to whom the author may assign, sell, lease, or otherwise transfer the copyright. The owner of the copyright has the right to exclude any other

5

person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

The term "work" refers to any material that is subject to protection under the copyright laws, including a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

### AUTHOR OF WORK; JOINT AUTHORS

When an author creates an original work, copyright exists automatically in the work at the moment of its creation. The author or other copyright owner may enforce the right to exclude others from copying the work in an action for copyright infringement.

A copyright owner is entitled to exclude others from copying a joint work. A joint work is a work prepared by two or more authors. Each of the authors of a joint work must have: (1) intended that their contributions be merged into inseparable or interdependent parts of a unitary whole, and (2) contributed material to the joint work which could have been independently copyrighted. Each author of a joint work shares an undivided interest in the entire joint work. An owner of copyright in a joint work may enforce the right to exclude others in an action for copyright infringement.

### PURPOSE OF COPYRIGHT PROTECTION AND PROHIBITION OF INFRINGEMENT

In this case, the plaintiff Gary Graham seeks to recover money damages from defendants Town of South Padre Island and Harvest Multimedia, for what the plaintiff claims to be copyright infringement. The defendants deny infringing the copyright, and contend that the copyright is invalid.

6

The legal principles regarding the law of copyright infringement discussed in these instructions result from attempts to balance certain conflicting policy objectives. On the one hand, the creator of an original work has the right to reap the benefits of his or her creativity and effort. On the other hand, progress requires that everyone have the right to develop and create new works using the same ideas and subjects. The copyright law attempts to strike a balance between these two values, protecting so much to the author's original work as embodies the author's own particular form of expression, but not so much as would prevent others from persuing the same ideas, themes, and subjects in their own forms of expression.

Because of the conflicting policy objectives involved in cases of this type, each must be decided largely on its specific facts. You, the jury, are the judge of the facts.

## ELEMENTS OF LIABILITY FOR COPYRIGHT INFRINGEMENT;
## BURDEN OF PROOF

In this case, the plaintiff claims that the defendant has infringed the plaintiff's copyright in the song entitled "South Padre Island". To find liability for copyright infringement, you, the jury, must find from a preponderance of the evidence that:

(1)    the plaintiff is the owner of a valid copyright in the song entitled "South Padre Island"; and

(2)    the defendant copied original elements of the song entitled "South Padre Island."

The plaintiff has the burden of proving each of these elements by a preponderance of the evidence. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the plaintiff has proved each element. If you find that the

7

plaintiff has proved these elements by a preponderance of the evidence, you may then find the defendant liable for copyright infringement. You will then consider the issue of damages under separate instructions.

The defendants contend that the Town of South Padre Island had an implied consent and/or implied license to use the song "South Padre Island" asserting that the song is a joint work and that the conduct of the joint authors of the song granted them such license. Therefore, you are further instructed that a co-owner of a copyright needs no consent to use or license the use of a work non-exclusively as each owner has the right to use or to license the use of the work subject to an accounting to the other co-owner for any profits. An authorization to a third party from one joint owner is a defense to an action against that party brought by the other joint owner. A non exclusive license to use a joint work can be impliedly granted by the conduct and actions of a joint owner or copyright holder of a work, and a non-exclusive implied license need not be evidenced by a writing, rather such a license may be implied from conduct

If you find that Defendant South Padre Island had a non-exclusive license or implied consent to use the song "South Padre Island" by virtue of the conduct of Plaintiff Gary Graham, you must find for the Defendant South Padre Island.

If you find that the song "South Padre Island" constitutes a joint work between Gary Graham and Damion Giacchino or Pelican West, and you find that Defendant South Padre Island had a non-exclusive license or implied consent to use the song South Padre Island by virtue of the conduct of Damion Giacchino or Pelican West, you must find for the Defendant South Padre Island.

## DAMAGES

8

I will now instruct you on the law governing damages applicable to this case. However, the fact that I instruct you on the issue of damages should not be interpreted in any way as an indication that I believe the Plaintiff should, or should not, prevail in this case.

**STATUTORY DAMAGES**

If you find that the defendants are liable to the plaintiff, then you must determine what an amount of statutory damages should be awarded against them in favor of the plaintiff. If you find that the defendants have infringed upon plaintiff's copyright to the lyrics of the song "South Padre Island", you may award plaintiff a sum of not less than $750.00 or more than $30,000.00. If you find that an infringement was committed by defendants willfully, you may award a sum of not more than $150,000.00 to plaintiff.

If you decide to award damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove an amount of damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

**CONCLUSION**

You will now return to decide the case. In order to prevail, the plaintiff must sustain his burden of proof as I have explained to you with respect to each element of his complaint. If you find that the plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that the plaintiff failed to sustain his burden on any element of his claim or if you find that defendant Town of South Padre Island had an implied license or implied consent to use the song at issue, you should return a verdict against the defendants.

9

*Carson v Dynegy*, 344 F.3d 446, 451 (5th Cir. 2003)

*CMS Software Design System Inc. v. Info Designs, Inc.*, 785 F.2d 1246, 1248 (5th Cir. 1986) *Batistse v Island Records, Inc.*, 179 F.3d 217, 222 (5th Cir. 1999).

*Aldon Accessories Ltd. v. Spiegal, Inc.* 738 F.2d 548 (2d Cir. 1984) cert. denied, 469 U.S. 982 (1984).

*Feist Publications, Rural Tel. Serv. Co.*, 499 U.S. 340, 111 S.Ct. 1282, 113 L.Ed. 2d 358 (1991).

11