United States District Court
Southern District of Texas
FILED

MAY 1 6 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GARY GRAHAM | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-03-084 |
| VS. | § | |
| | § | (JURY REQUESTED) |
| | § | |
| TOWN OF SOUTH PADRE ISLAND | § | |
| and HARVEST MULTIMEDIA, INC. | § | |
|     Defendant. | § | |

## DEFENDANTS' JOINT PRETRIAL ORDER

The parties to the above cause through their respective counsel of record, enter into the following Joint Pretrial Order.

## I.
## APPEARANCE OF COUNSEL

**Attorney for Plaintiff**
Donald T. Cheatham
ATTORNEY AT LAW
825 West 11th Street
Austin, Texas 78701
(512) 494-1212 Telephone
(512) 494-1213 Facsimile

**Attorneys for Defendant Town of South Padre Island**
Eileen M. Leeds
Heather Scott
Willette & Guerra, L.L.P.
1534 E. 6th Street, Suite 200
Brownsville, Texas 78520
(956) 541-1846 Telephone
(956) 541-1893 Facsimile

*Attorney for Co-Defendant Harvest Multimedia*
Heriberto "Eddie" Medrano
Law Office of Heriberto Medrano
2009 East Harrison, Suite B
Harlingen, Texas 78550
(956) 428-2412 Telephone
(956) 428-2495 Facsimile

## II.
## STATEMENT OF THE CASE

**A.  Defendant Town of South Padre Island's Statement.**

This case involves a dispute regarding the former official town song of Defendant Town of South Padre Island entitled "South Padre Island." Plaintiff Gary Graham holds a copyright to the lyrics of that song (lyrics only). Plaintiff does not hold a copyright to the entire song called "South Padre Island". Damion Giacchino member of the Pelican West band actually holds the copyright to the music and vocal melody to the song. Plaintiff developed the initial version of lyrics to the song and approached Pelican West with them to record the song because he thought they were a good group. Giacchino/Pelican West re-wrote the original lyrics provided by Graham, changed the music to the song, performed and recorded the song, and provided the vocals that appear on the finished song as it appears on the CD or compact disc of the song and Defendant's visitor's guide CD-ROM.

According to Plaintiff Graham, he entered into a deal with Pelican West that called for Pelican West to pay for everything to record the song, produce a finished CD they could sell off-stage, and go to the radio stations at Pelican West's expense. Plaintiff expected Pelican West to make the song known to the public and get it distributed. Plaintiff asserts he was asked to bring the song to a Town meeting. Plaintiff attended two Town meetings where the song was played, voted on, and declared the "official town song." Pelican West

2

did not attend the meetings with Graham, but they knew about it, voiced no objection to it, were "thrilled" about it, and wanted it to happen. Plaintiff Graham was pleased with the decision of the town to adopt the song as the official town song.

Plaintiff never asked Defendant Town of South Padre Island for any money associated with the song and he did not discuss royalties with them either. After declaring the song the official town song of the Town of South Padre Island, the town included the song in its visitor's guide CD-ROM which was produced at the expense of the town and distributed for free. Damion Giacchino of Pelican West expected that the Town would use the song and play the song since it was the "official town song". Damion Giacchino's only criticism with respect to the use of the song by the Town of South Padre Island is that the visitor's guide CD-ROM featuring the song was of poor quality. They had no criticism of the use of the song by the town.

**B.     Defendant Harvest Multimedia's Statement.**

Harvest Multimedia adopts the statement of the case submitted by the Town of South Padre Island. In addition, Harvest Multimedia states the following:

Harvest Multimedia is a small three person advertising company operating out of the garage of Marc Longoria, the manager of Harvest Multimedia, located in Harlingen, Texas. Harvest Multimedia was hired by the Town of South Padre Island to produce a CD-ROM whose contents included photographs and the 'official' song of the Town of South Padre Island for the purpose of promoting tourism to the Town of South Padre Island. The Town of South Padre Island provided most of the photos, information and the 'official' song used by Harvest Multimedia in producing the CD-ROM.

Harvest Multimedia specifically inquired of representatives of the Town of South Padre Island if the materials it tendered to Harvest Multimedia for use in the CD-ROM belonged to and could be used by the Town of South Padre Island in this promotional CD-ROM. Representatives from the Town of South Padre Island stated to Harvest Multimedia that the materials tendered could be used without any problem.

The disc containing the 'official' song of the Town of South Padre Island tendered to Harvest Multimedia did not have any label or writing on it identifying the song or the group performing the song. Because no such information appeared on or accompanied the CD-ROM, Harvest Multimedia verified the Town of South Padre Island's permission to use the song by calling and asking the Town itself.

## III.
## JURISDICTION

This court has jurisdiction to hear this case as it involves federal questions associated with Title 17 of the United States Code.

## IV.
## MOTIONS

Defendant Town of South Padre Island filed a Motion for Summary Judgement on March 10, 2004. Plaintiff responded and Defendant filed a reply to said response. The court granted in part and denied in part Defendant Town of South Padre Island's Motion for Summary Judgment on March 30, 2005.

Plaintiff filed a Motion for Leave to Amend Complaint and Add Indispensable Third Party. Defendant Town of South Padre Island filed a response to this motion in opposition. The court denied Plaintiff's Motion to Amend Complaint on March 30, 2005.

4

## V.
## CONTENTIONS OF THE PARTIES

A.  **Contentions of Defendant Town of South Padre Island.**

1.  Defendant Town of South Padre Island contends that it did not commit any act of copyright infringement of Plaintiff's copyright to the lyrics of the song South Padre Island.

2.  Defendant contends that the song "South Padre Island" constitutes a joint work under 17 U.S.C. 101.

3.  Defendant further contends that it had an implied license/implied consent derived from the conduct and actions of Plaintiff and Giacchino/Pelican West to use the song entitled "South Padre Island."

4.  Defendant further contends that in addition to the implied license provided to Defendant by virtue of Plaintiff's conduct, it had authority to distribute the song from a joint author of that work (Giacchino/Pelican West) based on that joint author's conduct.

5.  Defendant further contends that Plaintiff knew and intended that his contribution to the song South Padre Island would be merged with the contributions of the contributions of Giacchino/Pelican West as part of an integrated unit with the intention of creating a unitary whole in the form of a song.

6.  Defendant further contends that Plaintiff and Giacchino/Pelican West were authors of the joint work called "South Padre Island", and that they each hold undivided interests in it.

5

7. Defendant further contends that there is absolutely no evidence before the court that Plaintiff ever intended his lyrics to stand alone with no music.

8. Defendant further contends that neither Giacchino/Pelican West or Plaintiff needed each other's consent to use or license the use of the song South Padre Island as they each have the right to use or to license the use of the song subject to an accounting to the other co-owner for any profits.

9. Defendant further contends that an authorization from Giacchino/Pelican West or from Plaintiff by virtue of their conduct is a defense to an action against Defendant that could be brought by either party.

**B.  Contentions of Defendant Harvest Multimedia.**

Harvest Multimedia adopts all the 'contentions' stated by Defendant Town of South Padre Island and in addition states the following.

1. Harvest Multimedia contends it exercised due diligence in determining that the Town of South Padre Island did have the right to ask Harvest Multimedia to incorporate the 'official' song in its production of the CD-ROM by affirmatively asking the Town's representatives if it had the right to use the song to which Harvest Multimedia received assurances that it did.

2. Harvest Multimedia contends that if there was some copyright infringement, it was not by Harvest Multimedia's actions.

## VI.
## ADMISSIONS OF FACT

1. The song "South Padre Island" was declared the "official town song" by the town's Board of Aldermen after Graham played the song to them at a town meeting.

2. The Town of South Padre Island did not sell the song or music.

3. The Town of South Padre Island included the song in its visitor's guide CD-ROM which was distributed for free to the public.

4. Plaintiff Gary Graham holds a copyright to the lyrics of the song South Padre Island.

5. Plaintiff Graham does not hold a copyright to the entire song called "South Padre Island".

6. Plaintiff Graham developed the initial version of lyrics to the song and approached Pelican West to record the song.

7. Damion Giacchino's band is called Pelican West.

8. Giacchino/Pelican West changed the music to the song South Padre Island.

9. Giacchino/Pelican West performed and recorded the song South Padre Island.

10. Giacchino/Pelican West provided the vocals that appear on the finished song South Padre Island.

11. Plaintiff Graham attended two Town meetings where the song was played, voted on, and declared the "official town song."

12. Plaintiff Graham voluntarily played the song "South Padre Island" for the entire audience in attendance at a town meeting.

13. Pelican West did not attend the meetings with Graham, but they knew about it, voiced no objection to it, were "thrilled" about it, and wanted it to happen.

14. Plaintiff Graham was pleased with the decision of the town to adopt the song as the official town song.

15. Plaintiff Graham never asked Defendant Town of South Padre Island for any money associated with the song "South Padre Island" and he did not discuss royalties with them.

16. After declaring the song the official town song of the Town of South Padre Island, the town included the song in its visitor's guide CD-ROM which was produced at the expense of the town and distributed for free.

17. Damion Giacchino's only criticism with respect to the use of the song by the Town of South Padre Island is that the visitor's guide CD-ROM featuring the song was of poor quality, they had no criticism of the use of the song by the town.

18. Plaintiff provided Giacchino/Pelican West with lyrics so that they could put music to the song South Padre Island.

19. The document labeled "Legal Agreement" specifically indicates that the music to the song South Padre Island was written by Damion Giacchino.

20. Plaintiff lodged a complaint with Defendant Town of South Padre Island regarding the quality and distribution of the CD-ROM, and he insisted that Defendant cease any additional distribution and publication.

21. Defendant Town of South Padre Island retained the services of Harvest Multimedia to produce its Visitor's Guide CD-ROM containing the song "South Padre Island."

## VII.
## CONTESTED ISSUES OF FACT

1. Defendant Town of South Padre Island disputes that it committed any violation of Plaintiff's copyright to lyrics of the song South Padre Island.

2. Defendant Town of South Padre Island disputes that it committed any intentional infringement of Plaintiff's copyright to lyrics of the song South Padre Island.

3. Defendant Town of South Padre Island disputes that in September of 2002, Plaintiff an illegally reproduced CD of the song South Padre Island being played by representatives of the Town of South Padre Island.

4. Defendant Town of South Padre Island disputes that the statements of joint intentions between Pelican West/Giacchino and Plaintiff made in Giacchino's affidavit are false and misleading.

5. Defendant Town of South Padre Island disputes that Plaintiff first learned of Giacchino's copyright to the music and vocal melody to the song South Padre Island when he read Defendant's Motion for Summary Judgement.

6. Defendant Town of South Padre Island disputes Plaintiff's contention that Giacchino/Pelican West had no authority to provide implied license to Defendant to use the song South Padre Island.

7. Whether Damion Giacchino of Pelican West holds the copyright to the music and vocal medody to the song South Padre Island.

8. Plaintiff Graham entered into a deal with Pelican West that called for Pelican West to pay for everything to record the song, produce a finished CD they could sell off-stage, and go to the radio stations at Pelican West's expense.

9. Plaintiff Graham expected Pelican West to make the song known to the public and get it distributed.

10. Damion Giacchino of Pelican West expected that the Town would use the song and play the song since it was the "official town song".

11. Both Plaintiff Graham and Pelican West undertook a joint effort to produce the melody and harmony to the song "South Padre Island."

12. Pelican West had the authority under the law to grant Defendant a non-exclusive license to use the song at issue.

13. The Town of South Padre Island did not take Plaintiff's copyrighted lyrics and utilize them in some illegal or inappropriate manner.

14. The Town of South Padre Island did not utilize the lyrics independently of the song "South Padre Island" in any way.

15. Plaintiff Graham brought the song "South Padre Island" to Defendant Town of South Padre Island.

16. Plaintiff intended his copyrighted lyrics to be merged with contributions from Giacchino/Pelican West in a collaborative effort to create the song South Padre Island.

17. Plaintiff and Pelican West decided to add the harmony to the song South Padre Island in a joint effort.

18. Giacchino/Pelican West had authority to provide an implied license to Defendant Town of South Padre Island to use the song South Padre Island.

19. Giacchino cannot and does not hold a valid copyright to the "music and vocal melody", as he fraudulently represented to the United States Copyright Office.

20. Defendant Town of South Padre Island considered the adoption of the song as its official song at Plaintiff's behest, and not Giacchino's.

21. Defendant Town continued to distribute and publish the song in the CD-ROMs containing the song and otherwise, even after Plaintiff raised objections.

22. Plaintiff lodged a complaint with a Town employee regarding the quality and distribution of the CD-ROM, and lack of consideration to him, and he insisted that the Town cease any additional distribution and publication.

23. The Town continued to distribute the CD-ROM and publish the song otherwise, even after Plaintiff had publicized widely his objections aforesaid.

24. On March 12, 2001, Plaintiff and Giacchino entered into a valid common law copyright Contract, which states in pertinent part that "Gary Graham is [sic. "the"] composer of the lyrics.

25. Plaintiff and Giacchino intended to earn money from the song, as evidenced by the distribution agreement between those parties.

26. The document labeled "Legal Agreement" specifically indicates that the lyrics to the song South Padre Island were written by Plaintiff Gary Graham.

27. Defendant Town of South Padre Island retained the services of Harvest Multimedia to produce its Visitor's Guide CD-ROM containing the song "South Padre Island".

28. Defendant Town of South Padre Island provided Harvest Multimedia with an unlabeled copy in CD format of the song "South Padre Island" and instructed Harvest Multimedia to use same in the production of the CD-ROM.

29. Harvest Multimedia specifically inquired of the representatives of the Town of South Padre Island if in fact it was permissible for the use of the song "South Padre Island" in the CD-ROM it was asked to produce and received assurances from same that the Town of South Padre Island did have the authority to use the song and that in fact the song was the 'official' song of the Town of South Padre Island.

11

30. Plaintiff Gary Graham contacted by phone Defendant Harvest Multimedia and inquired of same as to how Harvest Multimedia had acquired the song "South Padre Island" used in the CD-ROM.

31. After explaining to Plaintiff Gary Graham that the song "South Padre Island" had been provided to Harvest Multimedia by representatives of the Town of South Padre Island for use in the promotional CD-ROM with assurances that is was proper to do so, Plaintiff Gary Graham stated to Harvest Multimedia that he did not intend to sue Harvest Multimedia because he (Graham) did not believe Harvest Multimedia had done anything wrong.

32. Plaintiff Graham's intent was to have lyrics he wrote merged with Giacchino/Pelican West's music to create the song that appears on the audio CD called "South Padre Island."

## VIII.
## AGREED PROPOSITIONS OF LAW

1. Plaintiff holds a copyright to the lyrics of the song "South Padre Island."

## IX.
## CONTESTED PROPOSITIONS OF LAW

1. A joint work is prepared by two or more authors with the intention that their contributions be merged into inseparable and interdependent parts of a unitary whole. 17 U.S.C 101.

2. A work is considered a joint work if authors collaborated with each other or if each prepared his or her contribution knowing and intending that it would be merged with the contributions of the other as a part of an integrated unit. 17 U.S.C. 101; *see also Erickson v. Trinity Theater, Inc.*, 13 F3d 1061, 1068 (7th Cir. 1994).

3. The critical element with respect to a joint work is the intention at the time the work is done that parts be combined into a unitary whole. *Childress v. Taylor*, 945 F.2d 500, 508-509(2nd

Cir. 1991), *Cloughston v. The American Academy of Orthopedic Surgeons*, 930 F. Supp. 1156, 1159(W.D. Tex. 1996).

4. The authors of a joint work are co-owners of the copyright in the work. 17 U.S.C 201.

5. Authors of a joint work hold undivided interests in it, despite any differences in each author's contribution. *Erickson,* 13 F.3d at 1068; *Childress*, 945 F.2d at 508-509; *Pye v. Mitchell*, 574 F.2d 476 (9th Cir. 1978).

6. Generally, all joint authors share equally in the ownership of copyright of a joint work. *See Generally Goodman v. Lee*, 988 F2d 619 (5th Cir. 1993).

7. Joint authors enjoy all rights of authorship under 17 U.S.C. sec. 304.

8. A co-owner of a copyright needs no consent to use or license the use of a work non-exclusively as each owner has the right to use or to license the use of the work subject to an accounting to the other co-owner for any profits. *Childress v. Taylor*, 945 F.2d 500, 505 (2nd Cir. 1991); *Erickson v. Trinity Theater, Inc.*, 13 F3d 1061, 1068 (7th Cir. 1994).

9. An authorization to a third party from one joint owner is a defense to an action against that party brought by the other joint owner.

10. A non-exclusive license to use a joint work can be impliedly granted by the conduct and actions of a joint owner or copyright holder of a work. See *Lulirama Ltd., Inc. vs. Axcess Broadcast Services, Inc.*, 128 F3d 872(5th Cir. 1997).

11. A non-exclusive implied license need not be evidenced by a writing, rather such a license may be implied from conduct. *Lulirama Ltd., Inc. vs. Axcess Broadcast Services, Inc.*, 128 F3d 872, 879 (5th Cir. 1997); *Carson v Dynegy*, 344 F.3d 446, 451 (5th Cir. 2003); see

generally *CMS Software Design System Inc. v. Info Designs, Inc.*, 785 F.2d 1246, 1248 (5th Cir. 1986); and *Batistse v Island Records, Inc.*, 179 F.3d 217, 222 (5th Cir. 1999).

12. Plaintiff artistically composed a poetic lyric, which he lawfully copyrighted on March 26, 2001 under U.S.C. Title 17, which Congress enacted under U.S. Const. Art. 1, § 8, Clause 8.

13. Plaintiff obtained his valid copright to the song lyrics for "South Padre Island" under the statutory "A Poor man's copyright" 17 U.S.C.

14. Based on this Court's rulings, there has been a finding that both Damian Giacchino and Gary Graham were co-authors of a joint work, i.e., the song "South Padre Island". (See p.19 of the Court's Order).

15. The Town entered into a market and publication agreement with Defendant Harvest to re-record on a CD-ROM a version containing the Plaintiff's copyrighted lyrics for promotion of their beachside resort city, which Giacchino and his band, Pelican West previously had recorded.

16. Whether all actual and proposed Defendants here intended to distribute widely such CD-ROMs, which they did, and from which they hoped to obtain economic benefit.

17. Whether Plaintiff's copyright was infringed, and he brought suit here in this Court for damages under the infringement provisions for damages of U.S.C. Title 17.

18. Whether in the course of the Defendants' Summary Judgment proceedings, Plaintiff for the first time learned, that Pelican West band leader, Giacchino had attempted to copyright both the "words and music" to the "song" "South Padre Island" on April 10, 2001, without informing Plaintiff of such copyright application, without Plaintiff's consent or permission,

and contrary to two agreements between Plaintiff and that band leader, respectively of March 12, 2001 and June 6, 2001.

19. Whether 17 U.S.C. § 501 establishes strict liability per se for any infringement, to wit: "[a]nyone who violates any of the exclusive rights of the copyright owner" is any infringer, whether innocent or intentional, and is strictly liable for any copyright infringement.

20. Whether Defendants willfully infringed the copyright of Plaintiff by refusing to cease dissemination of the song until after a lawsuit was filed. Defendants owe damages and attorney's fees to Plaintiff.

21. Whether there are few defenses, if any, to copyright infringement, and as Plaintiff conclusively demonstrates, and there is no defense available under the law for either Defendant.

## X.
## EXHIBITS

Please see attached Defendant Town of South Padre Island's Exhibit List and Defendant Harvest Multimedia's Exhibit List.

## XI.
## WITNESSES

Please see attached Defendant Town of South Padre Island's Witness List and Defendant Harvest Multimedia's Witness List.

## XII.
## SETTLEMENT

The parties mediated this case before the Honorable Felix Recio and an impasse was reached.

## XIII.
## TRIAL

1. Probable length of trial is expected to be 4-5 days.

2. The only logistical problems the parties may encounter is the availability of independent witnesses not under the control of any party to testify at trial.

## XIV.
## ATTACHMENTS

1. Proposed questions for voir dire examination from Defendants Town of South Padre Island and Harvest Multimedia.

2. Proposed charge from Defendants Town of South Padre Island and Harvest Multimedia.

Date: _____          _____
                               UNITED STATES DISTRICT JUDGE

APPROVED:


Date: 5/16/05                  *Eileen M. Leeds w/p HS*
                               Eileen M. Leeds
                               Attorney for Defendant Town of South Padre Island

Date: 5/16/05                  *Heriberto "Eddie" Medrano w/p HS*
                               Heriberto "Eddie" Medrano
                               Attorney for Defendant Harvest Multimedia


17