IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
JUL 1 2 2005
Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GARY GRAHAM | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-03-084 |
| VS. | § | |
| | § | (JURY REQUESTED) |
| | § | |
| TOWN OF SOUTH PADRE ISLAND | § | |
| and HARVEST MULTIMEDIA, INC. | § | |
| Defendant. | § | |

## DEFENDANTS' JURY INSTRUCTIONS

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COME NOW, TOWN OF SOUTH PADRE ISLAND and HARVEST MULTIMEDIA, INC., named Defendants herein, and request that the Court submit to the jury the instructions attached hereto.

## GENERAL INSTRUCTIONS

**Members of the Jury:**

Now that you have heard the evidence, my duty is to give you the instructions of the Court on the law you should apply to this case. Your duty as jurors is to follow the law as stated in these instructions and to apply these rules of law to the facts you find from the evidence in the case. You are not to single out on instruction alone as stating the law; rather, you must consider the instructions as a whole.

1

Regardless of any opinion you may have as to what the law should be, you would violate your sworn duty if you based a verdict upon any view of the law other than that given in the instructions stated by the Court. Similarly, you would violate your sworn duty as judges of the facts if you based your verdict upon anything but the evidence in this case. You, the Jury, are the sole and exclusive judges of the facts.

You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

You should consider and decide this case as an action between persons of equal standing in the community, of equal worth, and holding the same or similar situations in life.

You must consider only evidence properly admitted in the case. Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; any deposition testimony of witnesses that was admitted into evidence; all exhibits received in evidence, regardless of who may have produced them; and all facts that have been admitted or stipulated. You must entirely disregard any evidence that a party objected to if I sustained that objection and any evidence that was ordered stricken by the Court.

Statements and arguments of counsel are not evidence; rather they are intended only to assist you in understanding the evidence and the contentions of the parties. During the course of the trial, it often becomes the duty of counsel to make objections and for the Court to rule on them in accordance with the law. You should not consider or be influenced by the fact that such objections have been made, whether they are sustained or overruled.

Similarly, you should not allow your attitude toward either party or the evidence to be affected by how you regard the general conduct or attitude of the attorneys. Each attorney has a solemn duty to defend the client vigorously and with dedication and thus may not please everyone all the time. Your decision on the facts of this case should therefore not be affected by your opinion of the attorneys.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You, as jurors, are the sole judges of the credibility of the witnesses and weight their testimony deserves. You should carefully scrutinize all the testimony given and, in weighing the testimony of each witness, consider the relationship between the witness and the parties in the case, his or her interest in the outcome of the case, the witness's manner of testifying, candor, fairness, and intelligence, and the extent to which the witness's testimony has been confirmed or contradicted, if at all, by other credible evidence.

You will rely upon your own good judgment, your own common sense, and the experience you have gained as you have gone about your everyday affairs in weighing the evidence and determining the weight to be given to it. You are permitted to accept as true and worthy of belief everything that a particular witness may have said, or you are permitted to reject everything that a particular witness may have said. Of course, you may also accept as true part of what a witness tells you and reject other portions of that witness's testimony.

## WITNESSES

A witness may be discredited or "impeached" by contradictory evidence or by evidence that the witness has at other times made statements that are inconsistent with the witness's present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness and not to conclusively establish the truth of the earlier statements. If you believe any witness has been impeached and thus discredited, you are free to give the testimony of that witness such credibility, if any, as you may think it deserves.

## EVIDENCE

You may, in your determination of the facts of this case, consider both direct and circumstantial evidence. Direct evidence is the testimony of a witness who actually saw an event occur. Circumstantial evidence is proof of a chain of circumstances pointing to the occurrence of a fact or the existence of a fact. Direct evidence includes a witness's testimony as to facts within that person's own personal knowledge, matters that the witness saw and heard, and matters that came to the witness out of that person's own senses or observations. Circumstantial evidence, rather than or in addition to direct evidence, can be used to establish a fact if that fact may be fairly and reasonably inferred from all other facts and circumstances proved in the case. In order to establish a fact or conclusion by circumstantial evidence, the facts that were directly proven in the case must be such as to make the fact or conclusion sought to be shown by circumstantial evidence more reasonably probable to be true than alternative facts or conclusions. As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with a preponderance of all the evidence in the case, both direct and circumstantial.

4

## PREPONDERANCE OF THE EVIDENCE

A "preponderance of the evidence" means the greater weight and degree of the credible evidence admitted in this trial. It does not necessarily mean the greater volume of evidence or the greater number of witnesses. To establish or prove something by a preponderance of the evidence means to prove that something is more likely true than not. In other words, a preponderance of the evidence in this case means such evidence that, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not.

## SPECIFIC INSTRUCTIONS

In this case the Plaintiff claims that the Town of South Padre Island intentionally infringed upon Plaintiff Gary Graham's copyright to the lyrics of the song called "South Padre Island" in violation of Title 17 of the United States Code.

## COPYRIGHT DEFINED

The term "copyright" is the name for the protection that the law extends to an author of an original work against the unauthorized appropriation of that work by others. The term is derived from the fact that such an author has the exclusive right to copy the work, and therefore may exclude others from copying the work.

The term "author" generally is used to refer to a writer. As used in the law of copyright, however, the term embraces any creator of an original work protected by the copyright laws, such as a poet or composer of music. The author of a copyrighted work is the owner of the copyright in that work. The term "owner" also includes any person to whom the author may assign, sell, lease,

5

or otherwise transfer the copyright. The owner of the copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

The term "work" refers to any material that is subject to protection under the copyright laws, including a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

## AUTHOR OF WORK; JOINT AUTHORS

When an author creates an original work, copyright exists automatically in the work at the moment of its creation. The author or other copyright owner may enforce the right to exclude others from copying the work in an action for copyright infringement.

A copyright owner is entitled to exclude others from copying a joint work. A joint work is a work prepared by two or more authors. Each of the authors of a joint work must have: (1) intended that their contributions be merged into inseparable or interdependent parts of a unitary whole, and (2) contributed material to the joint work which could have been independently copyrighted. Each author of a joint work shares an undivided interest in the entire joint work. An owner of copyright in a joint work may enforce the right to exclude others in an action for copyright infringement.

## PURPOSE OF COPYRIGHT PROTECTION AND PROHIBITION OF INFRINGEMENT

In this case, the plaintiff Gary Graham seeks to recover money damages from defendants Town of South Padre Island and Harvest Multimedia, for what the plaintiff claims to be copyright

6

infringement. The defendants deny infringing the copyright, and contend that the copyright is invalid. The legal principles regarding the law of copyright infringement discussed in these instructions result from attempts to balance certain conflicting policy objectives. On the one hand, the creator of an original work has the right to reap the benefits of his or her creativity and effort. On the other hand, progress requires that everyone have the right to develop and create new works using the same ideas and subjects. The copyright law attempts to strike a balance between these two values, protecting so much to the author's original work as embodies the author's own particular form of expression, but not so much as would prevent others from pursuing the same ideas, themes, and subjects in their own forms of expression.

Because of the conflicting policy objectives involved in cases of this type, each must be decided largely on its specific facts. You, the jury, are the judge of the facts.

## ELEMENTS OF LIABILITY FOR COPYRIGHT INFRINGEMENT; BURDEN OF PROOF

In this case, the plaintiff claims that the defendant has infringed the plaintiff's copyright in the song entitled "South Padre Island". To find liability for copyright infringement, you, the jury, must find from a preponderance of the evidence that:

(1) the plaintiff is the owner of a valid copyright in the song entitled "South Padre Island"; and

(2) the defendant copied original elements of the song entitled "South Padre Island."

The plaintiff has the burden of proving each of these elements by a preponderance of the evidence. Preponderance of the evidence means that you must be persuaded by the evidence that it

is more probably true than not true that the plaintiff has proved each element. If you find that the plaintiff has proved these elements by a preponderance of the evidence, you may then find the defendant liable for copyright infringement. You will then consider the issue of damages under separate instructions.

The defendants contend that the Town of South Padre Island had an implied consent and/or implied license to use the song "South Padre Island" asserting that the song is a joint work and that the conduct of the joint authors of the song granted them such license. Therefore, you are further instructed that a co-owner of a copyright needs no consent to use or license the use of a work non-exclusively as each owner has the right to use or to license the use of the work subject to an accounting to the other co-owner for any profits. An authorization to a third party from one joint owner is a defense to an action against that party brought by the other joint owner. A non exclusive license to use a joint work can be impliedly granted by the conduct and actions of a joint owner or copyright holder of a work, and a non-exclusive implied license need not be evidenced by a writing, rather such a license may be implied from conduct

If you find that Defendant South Padre Island had a non-exclusive license or implied consent to use the song "South Padre Island" by virtue of the conduct of Plaintiff Gary Graham, you must find for the Defendant South Padre Island and Defendant Harvest Multimedia.

If you find that the song "South Padre Island" constitutes a joint work between Gary Graham and Damion Giacchino or Pelican West, and you find that Defendant South Padre Island had a non-exclusive license or implied consent to use the song South Padre Island by virtue of the conduct of Damion Giacchino or Pelican West, you must find for the Defendant South Padre Island and Defendant Harvest Multimedia.

8

## DAMAGES

I will now instruct you on the law governing damages applicable to this case. However, the fact that I instruct you on the issue of damages should not be interpreted in any way as an indication that I believe the Plaintiff should, or should not, prevail in this case.

## STATUTORY DAMAGES

If you find that the defendants are liable to the plaintiff, then you must determine what an amount of statutory damages should be awarded against them in favor of the plaintiff. If you find that the defendants have infringed upon plaintiff's copyright to the lyrics of the song "South Padre Island", you may award plaintiff a sum of not less than $750.00 or more than $30,000.00. If you find that an infringement was committed by defendants willfully, you may award a sum of not more than $150,000.00 to plaintiff.

If you decide to award damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove an amount of damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

## CONCLUSION

You will now return to decide the case. In order to prevail, the plaintiff must sustain his burden of proof as I have explained to you with respect to each element of his complaint. If you find that the plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that the plaintiff failed to sustain his burden on any element of his claim or if you find that defendant Town of South Padre Island had an implied license or implied consent to use the song at issue, you

should return a verdict in favor of the defendants.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself, but you should do so only after a consideration of the case for yourself, and only after a consideration of the case with your fellow jurors. You should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh you respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his conscientious beliefs solely for the purpose of returning a unanimous verdict.

Sources

*Modern Federal Jury Instructions (Civil)*

*Fifth Circuit Pattern Jury Charge.*

*17 U.S.C 101, 102(a), 106, 201(a), 304, and 501*

*Erickson v. Trinity Theater, Inc.*, 13 F3d 1061, 1068 (7th Cir. 1994).

*Childress v. Taylor*, 945 F.2d 500, 508-509 (2nd Cir. 1991)

*Cloughston v. The American Academy of Orthopedic Surgeons*, 930 F. Supp. 1156, 1159 (W.D. Tex. 1996).

*Pye v. Mitchell*, 574 F.2d 476 (9th Cir. 1978).

*Lulirama Ltd., Inc. vs. Axcess Broadcast Services, Inc.*, 128 F3d 872(5th Cir. 1997).

*Carson v Dynegy*, 344 F.3d 446, 451 (5th Cir. 2003)

*CMS Software Design System Inc. v. Info Designs, Inc.*, 785 F.2d 1246, 1248 (5th Cir. 1986) *Batistse v Island Records, Inc.*, 179 F.3d 217, 222 (5th Cir. 1999).

*Aldon Accessories Ltd. v. Spiegal, Inc.* 738 F.2d 548 (2d Cir. 1984) cert. denied, 469 U.S. 982 (1984).

*Feist Publications, Rural Tel. Serv. Co.*, 499 U.S. 340, 111 S.Ct. 1282, 113 L.Ed. 2d 358 (1991).